**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

[Proposed] Lead Counsel for Movant and Class

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------------X

| | |
|---|---|
| CHRIS ALLISON, Individually and On Behalf of All Others Similarly Situated, | CASE No.: 1:18-cv-06960-PKC |
| Plaintiff, | **MEMORANDUM OF LAW IN SUPPORT OF MOTION OF YUANLI HE TO: (1) CONSOLIDATE RELATED ACTIONS; (2) APPOINT LEAD PLAINTIFF; AND (3) APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL** |
| vs. | |
| GDS HOLDINGS LIMITED, WILLIAM WEI HUANG, AND DANIEL NEWMAN, | |
| Defendants. | **CLASS ACTION** |

---------------------------------------------------------------------------X

---------------------------------------------------------------------------X

| | |
|---|---|
| MARIA M. QUERI, Individually and On Behalf of All Others Similarly Situated, | CASE No.: 1:18-cv-08810 |
| Plaintiff, | **CLASS ACTION** |
| vs. | |
| GDS HOLDINGS LIMITED, WILLIAM WEI HUANG, and DANIEL NEWMAN, | |
| Defendants. | |

---------------------------------------------------------------------------X

1

Plaintiff Yuanli He ("Movant") respectfully submits this memorandum of law in support of Movant's motion for an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(1) consolidating the above-captioned actions;

(2) appointing Movant as Lead Plaintiff for the class of all purchasers or acquirers of the American Depository Shares ("ADSs")[1] of GDS Holdings Limited ("GDS" or the "Company") between November 2, 2016, and July 31, 2018, both dates inclusive (the "Class Period");[2] and

(3) approving Movant's selection of The Rosen Law Firm, P.A. as Lead Counsel for the Class.

## INTRODUCTION AND BACKGROUND

This action was commenced on August 2, 2018 against the Company and certain of its officers, and directors, for violations under the Exchange Act. That same day, a law firm issued an early notice pursuant to the PSLRA advising class members of, *inter alia*, the allegations and claims in the complaint, the Class Period, and advising class members of their option to seek appointment as Lead Plaintiff. *See* Ex. 1 hereto. The related *Queri* Action was subsequently filed with this Court on September 26, 2018 against Defendants asserting similar facts and claims as the instant action.

The complaints allege that during the Class Period, Defendants made materially false and/or misleading statements and/or failed to disclose that GDS: (1) has overstated its utilization

---

[1] The Class in *Allison v. GDS Holdings Limited, et al.*, Case No. 1:18-cv-6960-PKC (S.D.N.Y.) (the "*Allison* Action") states ADSs purchasers or acquirers and in *Queri v. GDS Holdings Limited, et al.*, Case No. 1:18-cv-08810 (S.D.N.Y.) (the "*Queri* Action") states securities purchasers or acquirers.

[2] There is a related action pending in the U.S. District Court for the Eastern District of Texas styled as *Ramaz v. GDS Holdings Limited, et al.*, Case No. 4:18-cv-00539-ALM-KPJ (E.D.Tx. Aug. 2, 2018) (the "*Ramaz* Action"). The class period in the *Ramaz* Action is from March 29, 2018 through July 31, 2018.

2

and occupancy rates; (2) has made acquisitions with related parties at inflated prices; (3) has used suspect capital and debt raisings despite large off-shore cash reserves; (4) has adopted unorthodox accounts receivable and payable practices; and (5) as a result of the foregoing, Defendant's statements about GDS' business, operations, and prospects were materially false and/or misleading and/or lacked a reasonable basis. When the true details entered the market, the lawsuits claim that investors suffered damages. On July 31, 2018, Blue Orca Capital published a report (the "Blue Orca Report") stating that GDS was borrowing crippling amounts of debt to enrich insiders by acquiring data centers from undisclosed related parties which were not as valuable as GDS claimed. The Blue Orca Report further stated that GDS borrowed recklessly to siphon off at least RMB 696 million to insiders by inflating the purchase price of undisclosed related party acquisitions. The Blue Orca Report also revealed that the Company had suspect receivables and payable practices, including in the areas of: Overstating Area in Service and Utilization of a Flagship Data Center; Inflating the Purchase Price of Undisclosed Related Party Acquisitions; Serial Capital Raising and Crushing Debts for Offshore Cash; and Mounting Balance of Unbilled Receivables and Payables. On this news, GDS's ADS price declined $13.42 per ADS, or over 38%, to a close at $21.83 per ADS on July 31, 2018.

## ARGUMENT

### I. THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. §78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Each of the above-captioned related actions has been filed in this District alleging similar factual and legal grounds to support allegations of violations of the Exchange Act by Defendants arising from the public dissemination of false and misleading information to investors. Accordingly, the above-captioned cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

## II.   MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group that:

> (aa) has either filed the complaint or made a motion in response to a notice;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Movant satisfies all three of these criteria, and thus is entitled to the presumption of being the "most adequate plaintiff" for the Class.

A. **Movant Is Willing to Serve as Class Representative**

Movant has filed herewith a PSLRA certification attesting that Movant is willing to serve as representative of the class and remains willing to provide testimony at deposition and trial, if necessary. *See* Ex. 2. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

B. **Movant Has the Largest Financial Interest in the Action**

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff…is the person or group of persons that …has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005). Of the Lax/Olsen-styled[3] factors in determining the largest financial interest, the financial loss is the most significant factor. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008). Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period." *In re Bally Total Fitness*, *Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

Movant lost $188,361.48 in connection with purchases of GDS securities. *See* Ex. 3 hereto. Movant is not aware of any other movant that has suffered greater losses in GDS securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

---

[3] *Lax v. Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

**C.     Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that Movant will satisfy the requirements of Rule 23 is sufficient. *Fuwei Films*, 247 F.R.D. at 439 (only a *prima facie* showing is required). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.,* 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

   **1.     Movant's Claims are Typical**

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*

Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that Defendants violated the Exchange Act by issuing false and

6

misleading statements about the Company's business and financial condition. Movant's interests are closely aligned with the other Class members' and Movant's interests are, therefore, typical of the other members of the Class.

### 2. Movant Is Adequate

The adequacy of representation of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a potential representative's claim and those asserted on behalf of the class. *In re Cendant Corp. Litigation*, 264 F.3d. 201, 265 (3d Cir. 2001).

Here, Movant has communicated with competent, experienced counsel concerning this case, and has made this motion to be appointed as Lead Plaintiff. Movant is not aware that any conflict exists between Movant's claims and those asserted on behalf of the Class. Movant also sustained substantial financial losses from Movant's investments in GDS securities and is therefore, extremely motivated to pursue claims in this action.

### D. Movant Is Presumptively the Most Adequate Plaintiff

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interests of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

The presumption that Movant is the most adequate Lead Plaintiff is not, therefore subject to rebuttal. Movant has suffered substantial financial losses and has the largest financial interest

in this case of any timely lead plaintiff. The ability of Movant to represent the Class fairly and adequately is discussed above. Movant is not aware of any unique defenses Defendants could raise against Movant that would render Movant inadequate to represent the Class. Accordingly, Movant is presumptively the most adequate plaintiff and should be appointed as Lead Plaintiff for the Class.

### III.   MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected The Rosen Law Firm, P.A. as Lead Counsel. The firm has been actively researching Movant's and Class Plaintiffs' claims, including reviewing publicly available financial and other documents while gathering information in support of the claims against the defendants. Furthermore, the firm is experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in other courts throughout the nation. *See* Ex. 4 hereto. The firm has prosecuted securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## **CONCLUSION**

For the foregoing reasons, Movant respectfully requests the Court issue an Order: (1) consolidating the related actions; (2) appointing Movant as Lead Plaintiff of the Class; (3) approving Movant's selection of The Rosen Law Firm, P.A. as Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Dated: October 1, 2018                      Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ Phillip Kim
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

[Proposed] Lead Counsel for Movant and Class

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 1st day of October 2018, a true and correct copy of the foregoing **MEMORANDUM OF LAW IN SUPPORT OF MOTION OF YUANLI HE TO: (1) CONSOLIDATE RELATED ACTIONS; (2) APPOINT LEAD PLAINTIFF; AND (3) APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL** was served by CM/ECF to the parties registered to the Court's CM/ECF system.

      /s/ Phillip Kim