UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRIS ALLISON, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>GDS HOLDINGS LIMITED, WILLIAM WEI HUANG, AND DANIEL NEWMAN,<br><br>　　　　　　　　　Defendants. | 1:18-cv-06960-PKC<br><br>CLASS ACTION |
| MARIA M. QUERI, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>GDS HOLDINGS LIMITED, WILLIAM WEI HUANG, and DANIEL NEWMAN,<br><br>　　　　　　　　　Defendants. | 1:18-cv-08810<br><br>CLASS ACTION |

**MEMORANDUM OF LAW IN SUPPORT OF
THE LIU AND WANG FAMILY'S MOTION TO CONSOLIDATE RELATED
ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF
COUNSEL**

Class members Ke Liu and Yuping Wang[1] (the "Liu and Wang Family") respectfully submit this memorandum of law in support of its motion for:

(a) consolidation of the above-captioned related actions pursuant to Federal Rule of Civil Procedure 42(a);

(b) appointment as Lead Plaintiff, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and

(c) approval of its selection of Bernstein Liebhard LLP ("Bernstein Liebhard") as Lead Counsel for the litigation.

## PRELIMINARY STATEMENT

Presently pending in this District are the two above-captioned related securities class actions (the "Actions") alleging virtually identical violations of the Exchange Act brought on behalf of all persons or entities (the "Class") who purchased the securities of GDS Holdings Limited ("GDS" or the "Company") between November 2, 2016 and July 31, 2018, both dates inclusive (the "Class Period"). The Liu and Wang Family move for these Actions to be consolidated pursuant to Federal Rule of Civil Procedure 42(a) because they involve common questions of law and fact and because consolidation here would promote judicial economy.

Under the PSLRA, class action complaints alleging violations of the Exchange Act trigger statutory requirements for selecting the most adequate plaintiff to lead the action (the "Lead Plaintiff"). The presumptive lead plaintiff is the movant that has both the largest financial interest in the litigation and has made a *prima facie* showing that it is a typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure.

---

[1] Ke and Yuping are married as husband and wife, respectively.

As set forth more fully herein, the Liu and Wang Family satisfy these requirements and should be appointed Lead Plaintiff of the Actions. First, the Liu and Wang Family lost $57,475 on its purchases of GDS securities during the Class Period. The Liu and Wang Family believe that its loss is the largest financial loss in the Actions and its substantial financial interest will ensure its vigorous prosecution of the Class' claims. Second, the Liu and Wang Family satisfy Federal Rules 23(a)(3) and (a)(4), as its claims are typical of the claims of the Class, it has no interests that are antagonistic to the Class, and it will fairly and adequately represent the interests of the Class. Additionally, the Liu and Wang Family have selected experienced and qualified counsel that can adequately represent the Class here.

Accordingly, the Liu and Wang Family respectfully request that the Court grant its motion to consolidate the Actions, to appoint it as Lead Plaintiff, and to approve its selection of Bernstein Liebhard as Lead Counsel.

## SUMMARY OF THE COMPLAINT

GDS purports to be a leading developer and operator of high-performance data centers in China.

The Actions allege that, during the Class Period, Defendants made false and/or misleading statements and/or failed to disclose that: (1) the Company has overstated its utilization and occupancy rates; (2) it has made acquisitions with related parties at inflated prices; (3) it has used suspect capital and debt raisings despite large off-shore cash reserves; (4) it has adopted unorthodox accounts receivable and payable practices; and (5) as a result of the foregoing, Defendants' statements about GDS' business, operations, and prospects were materially false and/or misleading and/or lacked a reasonable basis.

On July 31, 2018, *Blue Orca Capital* published a reported stating, among other things, that "our research indicates that in reality, GDS is borrowing crippling amounts of debt to enrich

insiders by acquiring data centers from undisclosed related parties which are not nearly as valuable as the Company claims. We believe that since becoming a public Company, GDS has borrowed recklessly to siphon off at least **RMB 696 million** to insiders by inflating the purchase price of undisclosed related party acquisitions." The report also stated that "[w]e have also discovered evidence of unrelated data center operators selling a substantial amount of empty cabinet space in a building which is supposedly exclusively operated and 94% utilized by GDS. In our opinion, this indicates that GDS is inflating the size of its service area, its utilization rates and therefore its reported revenues and EBITDA."

On this news, GDS' stock fell $12.92 per share, or over 37%, from its previous closing price to close at $21.83 per share on July 31, 2018, damaging investors.

## ARGUMENT

### I.   THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. §78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Each of the Actions has been filed in this District alleging substantially similar factual and legal grounds to support allegations of violations of the Exchange Act by the Defendants

arising from the public dissemination of false and misleading information to investors. Accordingly, the Actions should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

## II. THE COURT SHOULD APPOINT THE LIU AND WANG FAMILY AS LEAD PLAINTIFF

### A. The Procedure Required by the PSLRA

The PSLRA establishes a straightforward sequential procedure for selecting a Lead Plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." Sections 21D(a)(1) and (a)(3)(B), 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B).

First, the plaintiff who files the initial action must publish a notice (the "Early Notice") to the class within 20 days of filing the action informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as Lead Plaintiff within 60 days after publication of the Early Notice. 15 U.S.C. § 78u-4(a)(3)(A)(i). Second, the PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by putative class members in response to an Early Notice by the later of: (i) 90 days after publication of the Early Notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). Finally, in considering any motion to serve as Lead Plaintiff, the Court "shall appoint as lead plaintiff" the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i).

The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" is the person or group that:

> i) has either filed the complaint or made a motion in response to an Early Notice;

      ii)      in the determination of the court, has the largest financial interest in the relief sought by the class; and

      iii)     otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

This presumption "may be rebutted only upon proof" by a putative class member that the presumptively most adequate plaintiff: (1) "will not fairly and adequately protect the interests of the class"; or (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth *infra*, the Liu and Wang Family meet the foregoing criteria, and therefore are entitled to the presumption of being the "most adequate plaintiff" of the Class.

    **B.**    **The Liu and Wang Family is the Most Adequate Plaintiff**

The Liu and Wang Family respectfully submits that it is presumptively the "most adequate plaintiff" because it has made a motion in response to an Early Notice, has the largest financial interest in the relief sought by the Class, and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

    **1.**    **The Liu and Wang Family's Motion is Timely**

On August 2, 2018, the Early Notice was published via *PR Newswire*, "which is deemed to satisfy the notice requirement." *See* Declaration of Daniel Sadeh ("Sadeh Decl."), Ex. A; *Rozenboom v. Van Der Moolen Holding, N.V.*, 2004 WL 816440, at *2 (S.D.N.Y. Apr. 14, 2004). Accordingly, putative class members had until October 1, 2018 to file their lead plaintiff motions. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II) ("not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.").

The Liu and Wang Family have timely filed its motion in response to the Early Notice. Additionally, it has filed sworn certifications, pursuant to 15 U.S.C. § 78u-4(a)(2)(A), attesting to its review of the complaint in this Action and its willingness to serve as a representative of the Class, including providing testimony at deposition and trial, if necessary. *See* Sadeh Decl., Ex. B. Accordingly, the Liu and Wang Family satisfy the first requirement to serve as Lead Plaintiff for the Class.

### 2. The Liu and Wang Family Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" is the plaintiff or movant with "the largest financial interest in the relief sought by the class" who "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The Liu and Wang Family suffered a substantial loss of $57,475 in connection with its purchases of GDS securities during the Class Period. *See* Sadeh Decl., Ex. C. The Liu and Wang Family are not aware of any other movant that has suffered greater losses in GDS securities during the Class Period. Accordingly, the Liu and Wang Family has the largest financial interest in this litigation.

### 3. The Liu and Wang Family Satisfy the Requirements of Fed. R. Civ. P. 23

"At this stage of the litigation, in determining whether a movant is the presumptive lead plaintiff under the PSLRA, only a *prima facie* showing that the requirements of Rule 23 are met is necessary." *Topping v. Deloitte Touche Tohmatsu CPA*, 95 F. Supp. 3d 607, 623 (S.D.N.Y. 2015) (emphasis in original). The Liu and Wang Family satisfy the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure, which are "the only [Rule 23] provisions relevant to a determination of lead plaintiff under the PSLRA." *Id.*

### (a) The Liu and Wang Family's Claims Are Typical of Those of the Class

A lead plaintiff movant is typical of other proposed class members under Rule 23 if "its claims…arise from purchases made in reliance on the same alleged misstatements and omissions that the complainants and other movants base their claims on, and they also seek the same relief, based on the same legal theories." *Kukkadapu v. Embraer S.A.*, 2016 WL 6820734, at *2 (S.D.N.Y. Oct. 20, 2016). The Liu and Wang Family's claims are typical of the Class in that it: (i) suffered the same injuries as a result of the same, or substantially the same, course of conduct by the named defendants; and (ii) bases its claims on the same, or substantially the same, legal theories as the Class. *Id.*

Here, the questions of law and fact common to the members of the Class and which may affect individual Class members include whether:

- Defendants violated the federal securities laws; and
- the members of the Class sustained damages and, if so, what is the proper measure of damages.

These questions apply equally to the Liu and Wang Family as to all members of the Class. Since the Liu and Wang Family's claims have the same essential characteristics as those of the other Class members, the typicality requirement is satisfied.

### (b) The Liu and Wang Family Will Fairly and Adequately Protect the Interests of the Class

The adequacy requirement, in turn, is satisfied where: "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) the class members' interests are not antagonistic to one another; and (3) the plaintiff has sufficient interest in the outcome of the case to ensure vigorous advocacy." *Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 536 (S.D.N.Y. 2015).

The Liu and Wang Family is an adequate Lead Plaintiff. The Liu and Wang Family and members of the Class have the same interest: to maximize the recovery from Defendants as a result of the alleged fraud. Because of the Liu and Wang Family's substantial financial stake in the litigation, Class members can be assured that the Liu and Wang Family have the incentive to vigorously prosecute the claims.

Additionally, the Liu and Wang Family have further demonstrated its adequacy through its selection of Bernstein Liebhard as Lead Counsel for the proposed Class. As discussed more fully below, Bernstein Liebhard is highly qualified and experienced in the area of securities class action litigation and has repeatedly demonstrated its ability to prosecute complex securities class action lawsuits both in this District and nationwide.

### III. THE COURT SHOULD APPROVE THE LIU AND WANG FAMILY'S CHOICE OF COUNSEL

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v).

Bernstein Liebhard has extensive experience prosecuting complex securities class actions, such as this one, and is well qualified to represent the Class. *See* Sadeh Decl., Ex. D (Firm Résumé of Bernstein Liebhard). Accordingly, the Court may be assured that by approving Bernstein Liebhard as Lead Counsel, the Class is receiving high-caliber legal representation.

Bernstein Liebhard has frequently been appointed as Lead Counsel or Co-Lead Counsel since the passage of the PSLRA, and has frequently appeared in major actions before this and other courts throughout the country. *The National Law Journal* has recognized Bernstein Liebhard for thirteen years as one of the top plaintiffs' firms in the country. In 2016, Bernstein Liebhard was listed for the eleventh consecutive year in *The Legal 500*, a guide to the best commercial law firms in the United States, as well as in *Benchmark Plaintiff: The Definitive*

*Guide to America's Leading Plaintiff Firms & Attorneys* for four consecutive years. Bernstein Liebhard was also selected to the *National Law Journal's* annual "America's Elite Trial Lawyers" list for three consecutive years.

Some of Bernstein Liebhard's outstanding successes include:

- *In re Beacon Associates Litigation*, No. 09 CIV 0777 (LBS) (AJP) (S.D.N.Y. 2013) ($219 million settlement);

- *In re Fannie Mae Securities Litigation*, No. 04-1639 (FJL) (D.D.C. 2013) ($153 million settlement);

- *In re Tremont Securities Law, State Law and Insurance Litigation*, No. 08-CV-11117 (TPG) (S.D.N.Y. 2011) (settlement in excess of $100 million);

- *In re Marsh & McLennan Companies Securities Litigation*, No. 04-CV-8144 (CM) (S.D.N.Y. 2009) ($400 million settlement);

- *In re Royal Dutch/Shell Transport Securities Litigation*, No. 04-374 (JAP) (D.N.J. 2008) (U.S.-based settlement amounting to $166.6 million);

- *In re Freeport-McMoRan Copper & Gold, Inc. Derivative Litigation*, C.A. No. 8145-VCN (Del. Ch. 2015) ($153.5 million settlement in a shareholder derivative action); and

- *City of Austin Police Retirement System v. Kinross Gold Corp. et al.*, No. 12-CV-01203-VEC (S.D.N.Y. 2012) ($33 million settlement).

Further, Bernstein Liebhard partner Stanley Bernstein served as Chairman of the Executive Committee in *In re Initial Public Offering Securities Litigation*, No. 21 MC 92 (SAS) (S.D.N.Y. 2009), one of the largest consolidated securities class actions ever prosecuted, resulting in a $586 million settlement.

## CONCLUSION

For the foregoing reasons, the Liu and Wang Family respectfully requests that this Court: (1) consolidate the related Actions; (2) appoint it as Lead Plaintiff of the consolidated Actions,

and all subsequently-filed, related actions; and (3) approve the Liu and Wang Family's selection of Bernstein Liebhard as Lead Counsel for the litigation.

Dated: October 1, 2018               Respectfully submitted,

                                     <u>/s/ Daniel Sadeh</u>
                                     **BERNSTEIN LIEBHARD LLP**
                                     Stanley D. Bernstein
                                     Laurence J. Hasson
                                     Daniel Sadeh
                                     10 East 40th Street
                                     New York, NY 10016
                                     Telephone: (212) 779-1414
                                     Facsimile: (212) 779-3218
                                     Email:  bernstein@bernlieb.com
                                             lhasson@bernlieb.com
                                             dsadeh@bernlieb.com

                                     *Counsel for the Liu and Wang Family and*
                                     *Proposed Lead Counsel for the Proposed Class*

## CERTIFICATE OF SERVICE

      I, Daniel Sadeh, hereby certify that on October 1, 2018, a true and correct copy of the annexed **MEMORANDUM OF LAW IN SUPPORT OF THE LIU AND WANG FAMILY'S MOTION TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL** was served in accordance with the Federal Rules of Civil Procedure with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to all parties with an email address of record who have appeared and consented to electronic service in this action.

Dated: October 1, 2018                                /s/ Daniel Sadeh
                                                                                  Daniel Sadeh